[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND RECTIFICATION
In response to Plaintiff's motion for reconsideration and rectification, the court adds the following to its memorandum of decision dated February 7, 1992.
The court has reviewed the claims raised in Section IIA of plaintiff's brief concerning Article XXI of the Monroe Zoning Regulations.
What the Plaintiff appears to claim is that an illegal expansion of a non-conforming use of a rock blasting, crushing and sorting operation brings that operation under the language of Section 117-2114A of the regulations because those portions of his operations which are valid non-conforming operations only require compliance with those regulations relating to grading, drainage, slopes and restoration provisions, and since the valid non-conforming use is not subject to the prohibition of 117-2109P, concerning rock crushing, then his illegal use cannot be. I find the argument fallacious. I therefore find that the defendant did not act arbitrarily or illegally in holding that the order of the Zoning Enforcement Officer was proper because plaintiff has no permit to use his rock crusher.
The court has also reviewed the second claim raised in Section IIB of plaintiff's brief. An examination of the Cease and Desist Order quoted in the memorandum of decision dated February 7, 1992 and the quoted minutes of the defendant Board indicates the Board found the Plaintiff "in violation of zoning regulations" by finding "[o]peration of rock crushing equipment without specific approval is not permitted." The Board also found an "[e]xpansion of a non-conforming use" when they found the "excavation of rock and crushing of rock to produce a new product is different and distinct from the sand and gravel operation." CT Page 3811
The court finds that the defendant Board properly responded to the issues raised by the Cease and Desist Order and did not improperly base its decision on inappropriate grounds.
The court reaffirms its dismissal of plaintiff's appeal.
STODOLINK, JUDGE